Lahtinen, J.E
(dissenting). Respectfully, we dissent and would affirm. When determining whether an individual entitled to *1094 counsel has knowingly, voluntarily and intelligently waived that important right, the whole record is considered and reviewing courts “have consistently refrained from creating a catechism for this inquiry, recognizing that it may occur in a nonformalistic, flexible manner” (People v Providence, 2 NY3d 579, 580 [2004] [internal quotation marks and citation omitted]; see Matter of Mitchell WW. [Andrew WW.], 74 AD3d 1409, 1411 [2010]). Respondent faced civil contempt for failing to pay child support. By the time the decision in the order on appeal was rendered in October 2012, respondent had made five prior appearances in Family Court on this matter, as well 'as being convicted during such time of an unrelated criminal matter. He was neither a novice to the justice system nor lacking in familiarity to Family Court.
Family Court informed him at appearances in August 2010, December 2010 and March 2011 of his right to counsel, including the appointment of counsel if he could not afford one. He was also repeatedly informed that he faced up to six months in jail. The multiple adjournments resulted, in part, from respondent’s representation to Family Court that his contracting business was about to get paid, had received post-dated checks or was about to land “a big job.” In February 2011, respondent stipulated to an order finding him in contempt, with two months to purge the contempt (which Family Court later extended into the summer of 2011). The stipulated order provided that if he failed to purge himself, the matter would be scheduled for “imposition of a sentence.” No motion was made to vacate the stipulation nor was an appeal taken from the February 2011 order. However, respondent made no additional child support payments, eventually resulting in the subject October 2012 hearing regarding a penalty.
During the course of the colloquy at the October 2012 hearing, Family Court repeatedly informed respondent of his right to counsel. The court told him that the matter would be adjourned if he wanted counsel and that counsel would be appointed if he could not afford one. Respondent was informed in detail of the nature of the proceeding and the fact that he could be sentenced to up to six months in jail. His questions were addressed and answered by the court. He indicated early in the colloquy that he wanted the forms for assignment of counsel, but later unequivocally stated that he wanted to proceed without counsel. Thereafter, Family Court inquired three more times and received an affirmative response each time as to whether he was sure he wanted to proceed without counsel, including after again telling him that he could get up to six *1095 months in jail and immediately before imposing the 150-day sentence (which also permitted him to purge himself at any time before completing his sentence by paying the child support he owed). Respondent — an adult who purportedly ran his own business — had considerable recent experience in both criminal and civil legal matters where he was entitled to counsel, he had repeatedly been informed of that right in this matter, and he waived it in front of a judge before whom he had appeared many times and who had told him several times of the potential consequences he faced for his admitted civil contempt. The totality of circumstances set forth in the whole record sufficiently reveal a knowing, intelligent and voluntary waiver of the right to counsel (see e.g. People v Providence, 2 NY3d at 583; Matter of Bauer v Bost, 298 AD2d 648, 650 [2002]). Egan Jr., J., concurs. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Madison County for further proceedings not inconsistent with this Court’s decision.